| | |
|---|---|
| Russell Brown<br>CHAPTER 13 TRUSTEE<br>Suite 800<br>3838 North Central Avenue<br>Phoenix, Arizona 85012-1965<br>602.277.8996<br>Fax 602.253.8346 | |

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re<br><br>WALTER GIOVANNI GARCIA,<br><br>and<br><br>SUZANNE DANIELLE GARCIA,<br><br>Debtors. | In Proceedings Under Chapter 13<br><br>Case No. 2:09-BK-14438-JMM<br><br>**TRUSTEE'S RECOMMENDATION OF PLAN AND MORATORIUM**<br><br>(No hearing) |

The Trustee has reviewed the Plan, Schedules, and Statement of Financial Affairs.

Trustee notes the following problems, which must be resolved before recommending confirmation of the Plan:

(1) BAC Home Servicing, LP, fka Countrywide Home Loans Servicing, LP, has filed an objection to the Plan. The attorney for the Debtor(s) must notify the Trustee if the objection has been resolved or, if the objection is unresolved, file the appropriate motion to get the Court to hold a hearing on the objection. If resolution of the objection changes Plan funding requirements, the Trustee requires receipt of an amended Plan analysis with any proposed order confirming the Plan. If a motion is filed to get a hearing before the Court, the time to submit a proposed Order confirming the Plan to the Trustee is extended.

(2) The Plan proposes payment of a secured claim to Arizona Federal Credit Union (1st mortgage) who has filed no secured proof of claim. The Trustee requires that the Debtor(s) provide verification of the creditor's security interest by providing him with a copy of the security documents, such as a security agreement, UCC-1, title, deed of trust or the like. Moreover, the Trustee requires that the Order Confirming Plan provide as follows: "The Trustee has authority to pay on the secured debt owed to Arizona Federal Credit Union (1st mortgage) even though the

creditor has filed no secured proof of claim, but the Plan and this Order are not an informal proof of claim for any creditor." If the security interest cannot be verified by the Debtor(s), then the Debtor(s) may delete the proposed treatment in a proposed order confirming plan <u>after</u> filing a motion and providing 25 days' notice to the creditor of the intent to delete the proposed secured treatment from the Plan.

(3) The Best Interest of Creditors Test indicates $3,376.39, less Chapter 7 administrative expenses, would be available to unsecured creditors in a Chapter 7 liquidation. Any order confirming plan must include language requiring Debtors to pay not less than the amount that would be available to unsecured in a Chapter 7 liquidation. The Trustee notes that this may result in the need for additional Plan yield or for the Plan to be extended beyond 36 months to pay the required amount to unsecured creditors.

(4) The Debtors' Schedule I discloses that one of the Debtors has payroll deductions for the repayment of 401(k) loans. The Trustee requires receipt of the loan documents as the disposable income requirement of § 1325(b) is at issue. Upon payment in full of the 401(k) loans, the Debtors should increase their Plan payments accordingly.

(5) The Trustee requires copies of Walter Giovanni Garcia's two most recent consecutive pay stubs to verify current income.

(6) The Debtors' Motion for Moratorium fails to provide for how the missed plan payments are to be made up. Any order confirming plan must include detailed repayment instructions on how the missed payments are to be paid.

(7) The fees requested by the debtor's attorney exceed the standard for this district for a flat fee case. The Trustee requires that counsel file and notice a separate fee application for approval by the Court.

(8) The Trustee requests a copy of the Debtors' state and federal income tax returns for 2009, 2010, and 2011, within 15 days of filing the returns, and the turnover of any net tax refunds as a supplement to the Plan for the benefit of unsecured creditors.

- 2 -

Case 2:09-bk-14438-JMM    Doc 41    Filed 05/27/10    Entered 05/27/10 08:20:09    Desc
Main Document    Page 2 of 4

(9) Other requirements:

(a) Due to the possibility of errors on the claims docket, it is the attorney's responsibility to review all proofs of claim filed with the Court and resolve any discrepancies between the claims and the Plan prior to submitting any proposed Order Confirming Plan to the Trustee.

(b) Requests by the Trustee for documents and information are not superseded by the filing of an amended plan or motion for moratorium.

(c) The Trustee will object to any reduction in the Plan duration or payout in a proposed Order Confirming Plan unless an amended or modified plan is filed and noticed out.

(d) The Trustee requires that any proposed Order Confirming Plan state: "The Plan and this Order shall not constitute an informal proof of claim for any creditor."

(e) To expedite the order review process, counsel must use the recommended form for the order confirming plan found at http://www.maney13trustee.com/mcforms2.htm. The order confirming plan must be accompanied by a cover letter that goes over the Trustee's Recommendation items by each paragraph. **If counsel fails to use the order form and provide such letter, the Trustee will reject the proposed order outright and the time to comply with the Recommendation is not extended.**

(f) Any order confirming plan to provide that the Debtors will give the Trustee a copy of the 2010 and 2011 federal and state income tax returns, including all attachments, forms, schedules and statements, within fifteen days of filing them.

**Plan payment status:** Debtors' interim payments of $642.31 are current through April 2010. Payment in like amount is now past due for May 2010 with an additional payment coming due June 25, 2010. Debtors' remittance in the total amount of $1,284.62 (including May and June 2010 payments) must be received in the Trustee's office not later than June 28, 2010. Subsequent payments will be due on or before the 25th day of the month.

/ / /

- 3 -

**SUMMARY:** Pursuant to Local Rule 2084-10, **by June 28, 2010**, Debtors are to resolve all of the above issues and provide the Trustee a proposed order confirming plan, or the Trustee will lodge a dismissal order. **The Court may dismiss the case without further notice for the Debtors' failure to timely comply with the Trustee's Recommendation.**

Copy mailed to:

Walter Giovanni Garcia
Suzanne Danielle Garcia
1234 North 167th Drive
Goodyear, AZ 85338
Debtors

Joseph W. Charles
Attorney at Law
PO Box 1737
Glendale, AZ 85311-1737
Attorney for Debtors

- 4 -